```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DARNELL HINTON,                                     :
                                                    :
                        Plaintiff,                  :
                                                    :      ORDER
v.                                                  :
                                                    :      23-CV-01318 (PMH)
RICHMOND COMMUNITY SERVICES,                        :
                                                    :
                        Defendant.                  :
-------------------------------------------------------------x
```

PHILIP M. HALPERN, United States District Judge:

On February 16, 2023, Darnell Hinton ("Plaintiff") commenced the instant action against Richmond Community Services ("Defendant"). (Doc. 1). On February 17, 2023, a summons was issued. (Doc. 5). Following the Court's issuance of an order to show cause why this action should not be dismissed pursuant to Fed. R. Civ. P. 4(m), Plaintiff notified the Court that service was effectuated on or about March 17, 2023. (Doc. 11; Doc. 12). Defendant filed its answer on May 18, 2023. (Doc. 10).

On May 4, 2023, Plaintiff's counsel, Paul N. Cisternino, moved for leave to withdraw as counsel. (Doc. 7). The Court denied the request for failure to comply with Local Rule 1.4. (Doc. 8). On May 5, 2023, Plaintiff's counsel renewed his request to withdraw as counsel. (Doc. 9; Doc. 12). On May 23, 2023, the Court granted Mr. Cisternino's request to withdraw as counsel and directed: "[w]ithin 30 days of the date of this Order, a notice of appearance shall be filed by new counsel for plaintiff or, if plaintiff elects to proceed *pro se*, he shall file a letter setting forth his contact information including his address, and advise the Court of his intention to proceed *pro se*. Plaintiff's failure to comply with this order may result in dismissal of this case." (Doc. 14). Mr. Cisternino served Plaintiff with the May 23 Order (Doc. 14) via email and via text messaging, and conveyed the content of the Order to Plaintiff verbally by telephone. (Doc. 15).

1

Thereafter, an initial conference was scheduled for October 23, 2023. (Doc. 17). The Notice of Initial Conference stated that "[n]ew counsel has not appeared on behalf of Plaintiff … and Plaintiff failed to file a letter setting forth his contact information and advising the Court whether he intends to proceed *pro se*. Plaintiff's continued failure to comply with this Order may result in dismissal of this case." (*Id*.). Counsel for Defendant and Plaintiff appeared at the initial pretrial conference on October 23, 2023. (*See* Oct. 23, 2023 Doc. Entry). At the conference, Plaintiff indicated that he was still looking for a lawyer to represent him, and the Court referred Plaintiff to the New York Legal Assistance Group. A Civil Case Discovery Plan and Scheduling Order was docketed following the conference. (Doc. 24).

On February 12, 2024, Defendant requested a pre-motion conference regarding its anticipated motion to dismiss for want of prosecution pursuant to Fed. R. Civ. P. 41(b). (Doc. 25). Defendant stated, *inter alia*, that counsel had communicated with Plaintiff via email and that Plaintiff had not "responded or taken any action in the pursuit of discovery." (*Id*.). Specifically, Plaintiff failed to respond to their November 2, 2023 discovery requests. (*Id*.). The Court scheduled a pre-motion conference for March 4, 2024 and directed Plaintiff to provide the Court with his contact information. (Doc. 26). A copy of the Order (Doc. 26) was served on Plaintiff via email and certified mail. (Doc. 27). Counsel for Defendant appeared for the telephonic conference on March 4, 2024, but Plaintiff failed to appear. (Doc. 28). Accordingly, the Court waived the pre-motion conference requirement and set a briefing schedule for Defendant's motion to dismiss. (*Id*.). Plaintiff's brief in opposition to Defendant's motion was due May 3, 2024. (*Id*.). A copy of the March 4 Order (Doc. 28) was served on Plaintiff via mail and email. (Doc. 30).

On April 1, 2024, Defendant move to dismiss Plaintiff's Complaint in its entirety with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b). (Doc. 31). Copies of Defendant's motion papers were served on Plaintiff via mail and email. (Doc. 32). Plaintiff did not

2

file opposition papers. On May 6, 2024, the Court *sua sponte* extended Plaintiff's time to oppose the motion to dismiss to June 3, 2024, warned Plaintiff no further extensions would be granted, and cautioned that if Plaintiff failed to file opposition by June 3, 2024, the motion would be deemed fully submitted and unopposed. (Doc. 33). A copy of the May 6 Order (Doc. 33) was served on Plaintiff via mail and email. (Doc. 34). On June 4, 2024, Defendant filed a letter requesting that the Court deem the motion as fully submitted and unopposed, and dismiss the matter with prejudice. (Doc. 35). Thus, as is clear from the docket, Plaintiff had ample notice of Defendant's motion to dismiss and failed to file any opposition thereto. Accordingly, the Court deems the motion fully submitted and sub judice.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 41 provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order . . . ." Fed. R. Civ. P. 41(b). Although the Second Circuit has concluded that dismissal under Rule 41(b) is a "harsh remedy to be utilized only in extreme situations," *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)), dismissal may be necessary "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether to dismiss an action for failure to prosecute under Rule 41(b), the Second Circuit has directed district courts to consider five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

3

*Jefferson v. Webber*, 777 F. App'x 11, 14 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alteration in original)). No single factor is dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Ultimately, the record must be viewed "as a whole" in order to determine whether dismissal is warranted. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citing *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993)).

The Second Circuit has cautioned that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). "However, even *pro se* litigants must prosecute claims diligently . . . ." *Jacobs v. Cty. of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

## ANALYSIS

The Court finds that dismissal of Plaintiff's action for failure to prosecute under Rule 41(b) is proper in this case. As to the first factor, Plaintiff has failed to communicate with the Court since the initial pretrial conference approximately eight months ago. Prior to the conference, Plaintiff was directed to have a notice of appearance filed by his new counsel or, if he elects to proceed *pro se*, file a letter advising the Court of his intention to proceed *pro se* and setting forth his contact information. (Docs. 14, 17). Plaintiff was warned that failure to comply with the Court's Orders may result in dismissal of the action. (*Id*). At the October 23, 2023 initial pretrial conference, Plaintiff represented that he was still searching for counsel. Since then, neither a notice of appearance by new counsel nor a letter regarding Plaintiff's intention to proceed *pro se* and updated contact information have been filed.[1] Moreover, Plaintiff has failed to respond to

---

[1] In a December 13, 2023 email from Plaintiff to defense counsel, Plaintiff indicated that he wanted to give paperwork to his lawyer. (Doc. 31-2, "Bodansky Affirmation" ¶ 3; Doc. 31-4). However, in a January 3, 2024 email from Plaintiff to defense counsel, Plaintiff confirmed that he did not have representation. (Bodansky Affirmation ¶ 4; Doc. 31-5).

Defendant's discovery requests for approximately six months since they were served, despite being aware of those requests. (Doc. 31-1 at 5; Bodansky Affirmation ¶¶ 2, 4, 5). Finally, despite a *sua sponte* extension of time to oppose the motion to dismiss (Doc. 33), Plaintiff failed to file any response to Defendant's motion. Plaintiff's failure to comply with the Court's directives over eight months, failure to engage in discovery over sixth months, and failure to respond to the motion to dismiss nearly two months after his opposition was due is sufficient to support dismissal. *See, e.g.*, *Balderramo v. Go New York Tour Inc.*, No. 15-CV-2326, 2019 WL 5682848, at *3 (S.D.N.Y. Nov. 1, 2019) ("In this Circuit, a delay of merely a matter of months may be sufficient to warrant dismissal under Rule 41."); *see also Peters v. Dep't of Corr. of New York City*, 306 F.R.D. 147, 150 (S.D.N.Y. 2015).

Second, Plaintiff has been warned that failure to comply with the Court's directives could result in dismissal of this action. Both the May 23, 2023 Order (Doc. 14) and the Notice of Initial Conference (Doc. 17) warned that the case would be dismissed unless Plaintiff complied with the Court's Order regarding appearance of his new attorney or notification of his election to proceed *pro se* and provision of updated contact information. Such warnings support dismissal. *See Davis v. Correct Care Solutions*, No. 19-CV-10588, 2020 WL 6064184, at *3 (S.D.N.Y. Oct. 14, 2020). Additionally, Plaintiff received notice of Defendant's motion to dismiss (Docs. 26, 28, 31-7) and was warned in the May 6, 2024 Order (Doc. 33) that failure to file opposition would result in the motion being deemed unopposed.

Third, when a plaintiff's delay is "lengthy and inexcusable," prejudice can be presumed. *United States ex rel. Drake*, 375 F.3d at 256. The delay here is inexcusable: Plaintiff has not complied with the Court's directives, meaningfully engaged in the discovery process, or taken any steps to advance this matter for more than six months. Plaintiff also failed to respond to the pending motion to dismiss which delayed resolution of the motion.

Fourth, the Court has balanced the need to alleviate court congestion with a party's right to due process and determined that dismissal is appropriate. "[N]oncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Mahoney v. City of New York*, No. 12-CV-6717, 2013 WL 5493009, at *2 (S.D.N.Y. Oct. 1, 2013). Since Plaintiff's counsel withdrew in May 2023, the Court has issued multiple directives pressing Plaintiff to obtain new counsel or proceed with the case *pro se* and provide updated contact information, including two orders which explicitly warned that the action would be dismissed for failure to comply. Plaintiff has not complied with those directives. Moreover, Plaintiff was put on notice of the pending motion to dismiss and was warned that his failure to respond to the motion would result in the motion being deemed unopposed. Plaintiff has not responded to the motion or otherwise communicated with the Court in any way, and the Court has no reason to believe that he intends to pursue this action any further.

The Court has further "considered the possibility of a less drastic sanction than dismissal." *Kaplan v. Hezbollah*, 844 F. App'x 459, 460 (2d Cir. 2021). Where, as here, a plaintiff appears to have abandoned the litigation, dismissal is appropriate. *See Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (finding dismissal under Rule 41(b) proper because, *inter alia*, "the Court is sufficiently persuaded that Plaintiff has abandoned this matter").

## **CONCLUSION**

Based upon the foregoing, and viewing the record in its entirety, the Court finds that dismissal of this action under Federal Rule of Civil Procedure 41(b) is appropriate. Accordingly, Defendant's motion to dismiss is GRANTED. The Clerk of the Court is respectfully directed to terminate this action.

Defendant is directed to serve a copy of this Order on Plaintiff and file proof of service on the docket.

SO ORDERED:

Dated: White Plains, New York
July 1, 2024

_____
Philip M. Halpern
United States District Judge